

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2003

# USA v. Bancroft

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3310

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Bancroft" (2003). *2003 Decisions.* Paper 470.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/470

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3310
_____

UNITED STATES OF AMERICA

vs.

ROBERT BRUCE BANCROFT,

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 01-cr-00665-2)
District Judge:  The Honorable Eduardo C. Robreno

_____

ARGUED MAY 20, 2003

BEFORE: SCIRICA, <u>Chief</u> <u>Judge</u>, NYGAARD, and BECKER, <u>Circuit</u> <u>Judges</u>.

(Filed:  June 10, 2003)

Robert J. O'Shea, Jr., Esq. (Argued)
Kenney & O'Shea
1818 Market Street
Suite 3520
Philadelphia, PA 19103

Counsel for Appellant

Ewald Zittlau, Esq. (Argued)
Suite 1250
Office of United States Attorney
615 Chestnut Street
Philadelphia, PA 19106

Counsel for Appellee

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Robert Bruce Bancroft appeals his sentence of 228 months for his involvement in a conspiracy to distribute methamphetamine. The District Court declined to grant the government's 18 U.S.C. § 3553(e) motion for departure below the mandatory minimum after the government argued against its own motion during the sentencing hearing. Bancroft asserts on appeal that the government violated the terms of his plea agreement by this conduct. We have plenary review over questions of law pertaining to the interpretation of plea agreements. *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir. 1989). We will affirm the District Court.

2

Bancroft argues that the government violated the terms of the plea agreement by making, but then arguing against, the § 3553(e) motion. When determining if the government violated the plea agreement, we use three steps: "First, what are the facts of the case, i.e., what are the terms of the agreement and the conduct of the government; second, whether the conduct of the government violated the terms of the plea agreement; and third, what is the appropriate remedy if the court concludes that a violation occurred." *Moscahlaidis*, 868 F.2d at 1360.

Our inquiry regarding the § 3553(e) motion begins with a look at the language of the agreement and the subsequent actions by the government. The plea agreement required the government to "[m]ake a motion to allow the Court to depart below any statutory mandatory minimums pursuant to 18 U.S.C. § 3553(e)" if the government determined that Bancroft had provided "complete and substantial assistance" with the investigation. The government, prior to sentencing, filed the § 3553(e) motion requesting the appropriate departure. At the sentencing hearing, the government acknowledged the motion and its affect of allowing the sentencing judge to depart, but then argued against granting the § 3553(e) motion by detailing Bancroft's criminal history and likelihood of recidivism. With this factual scenario in place, we move to the second question under *Moscahlaidis*: did the conduct of the government violate the plea agreement?

3

The government was permitted to make any argument it wished once it fulfilled its obligation to file the bargained-for motions. *United States v. Medford*, 194 F.3d 419, 423 (3d Cir. 1999). In *Medford*, we addressed the near identical situation where the "[d]efendants contend[ed] that the government violated the plea agreement by filing a downward departure motion and then stating at the sentencing hearing that it did not recommend a downward departure." *Id*. at 422. The language of the plea agreement in *Medford* was almost identical to that found in Bancroft's agreement. *Id*. at 423 ("[T]he plea agreement required the government 'to make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guidelines § 5K1.1, if the government, in its sole discretion, determines that the defendant has provided substantial assistance.'"). In *Medford*, we focused on the language merely requiring the government to file the motion:

> We interpret the plain terms of the plea agreement to require only that the government file a § 5K1.1 motion in order to give the District Court the power ("to allow the Court") to depart downward under that provision. Contrary to defendants' suggestions, the plea agreement did not require the government to recommend a downward departure at the sentencing hearing; nor did it prohibit the government from stating at the sentencing hearing that it did not recommend departure. Therefore, when the government filed the 5K1.1 motion, it complied with the terms of the plea agreement.

*Id*. Although *Medford* dealt with a § 5K1.1 motion, the principle announced is indistinguishable from our case and controls our outcome. Once the government files the

4

motion for departure, it has fulfilled its obligation under the plea agreement and is free to argue for or against the motion.

Bancroft's second argument, that he did not "receive from the government that which was reasonably due to him under the circumstances," is also resolved by *Medford*. Allegations of bad faith were addressed in *Medford*, where we confronted the "contention that the government acted in bad faith by failing to make a more concerted 5K1.1 downward departure motion at the time of sentencing," and found that because the government fulfilled its obligation to file the motion, there was no bad faith. *Id*. at 423. Here, because the government complied with the terms of the plea agreement by filing the § 3553(e) motion, its actions were not unreasonable or in bad faith.

## II.

Bancroft makes two other arguments regarding the conduct of the government in this case. First, he contends that the government did not make the nature and extent of his cooperation known, in violation of the plea agreement. This argument has no merit. At the sentencing hearing, the government attorney throughly explained Bancroft's cooperation. *See* App. at 44–45.

Bancroft's final argument is that the government breached the plea agreement by altering its sentencing recommendation at the time of sentencing. This argument is equally unpersuasive. In the sentencing memorandum, the government recommended "that a substantial sentence of imprisonment be imposed based upon the

seriousness of the offense committed, the fact that the defendant had a prior felony drug offense conviction, and the fact that the defendant is a career offender." *See* App. at 39. No definition of "substantial sentence" was given in the memorandum. At the sentencing hearing, the government asked for a sentence of 20 years following an explanation of Bancroft's criminal history and the nature of the current offense. Pursuant to the plea agreement, the government did not contradict itself by simply defining a "substantial sentence" to be 20 years at sentencing.

## III.

For the foregoing reasons will we affirm the order of the District Court.

_____

TO THE CLERK:

      Please file the foregoing opinion.


                     /s/ Richard L. Nygaard_____
                     Circuit Judge